RACHEL STOKES' adm'r. *v.* JOSIAH COWLES and others.

The value of a promisory note, dated March, 1863, payable on demand, is the sum due upon applying the Legislative scale at the time the note was made, and not when payment was demanded.

See Bank of *Charlotte* v. *Davidson*, next proceeding.

CIVIL ACTION, (to recover a promissory note,) tried before his Honor, *Judge Albertson*, at the August (Special) Term, 1873, of ROWAN Superior Court.

At Fall Term, 1870, the case was submitted to a jury, who returned a verdict in favor of the plaintiff for $2000, the full amount of the note sued upon, with interest from the date thereof. The note was dated 2d March, 1873, and made pay. able on demand. In their verdict, the jury in applying the scale to estimate the value of the note in currency, adopted the time of the demand, to wit, March, 1864, as the proper time to ascertain its value ; and the plaintiff, insisting that the scale should be applied at the date of the note, moved for a judgment in accordance therewith, notwithstanding the verdict. This motion was continued until the last August Term, when his Honor refused the plaintiff's motion, whereupon he appealed.

*McCorkle & Bailey,* for appellant, cited and relied upon the Act of 1866–'67, chap. 44 ; *Sanders* v. *Jarmin,* 67 N. C. Rep. 86 ; *Cable* v. *Hardin,* Ibid 472 ; *Terrell* v. *Walker,* 66 N. C. Rep. 250 ; also *Hamilton* v. *Person,* 2 Hay. 236 ; *Bruton* v. *Bullock,* Conf. Rep. 372.

No counsel for defendant, in this Court.

RODMAN, J.   There is nothing in this case to distinguish it from the case preceding, *Bank of Charlotte* v. *Davidson,* and numerous other cases of a similar character. The legislative scale must be applied at the date of the note. The Legislature of 1866 thought it equitable that in all cases whether upon

loans of Confederate money or on purchases of property, *the borrower or purchaser should repay the value which he received.* Such contracts were not looked on as contracts to deliver stocks or specific articles of fluctuating value, where the damages for the breach would be the price of such articles on the day of delivery. We have felt ourselves bound by the intent and language of the act, and we have no reason to doubt that the assumed equity upon which the act was founded, was the one really and properly applicable to such cases.

We do not think that it makes any material difference that the note sued on, was payable on demand, or earlier at the option of the makers ; or that it expressed on its face that it was payable in Confederate money.

Judgment below reversed and judgment may be entered here in conformity with this opinion.

PER CURIAM.                               Judgment reversed.